BEFORE THE THIRD DIVISION, AUGUST 31, 1942

**No. 47520.**—Protest 991427–G of W. X. Huber Co. (Los Angeles).

Opinion by KEEFE, J. The importer testified that he had been importing this particular kind of sugar ginger in such containers for 10 years; that the jars are always imported with chains attached which are easily removed; and that in his opinion the containers are not adapted to any other purpose after the removal of the contents. The sample consists of an oval-shaped jar of glazed earthenware decorated in colors with a figure of a bird in flight and with a floral·decoration. The jars are pink in color and the decorations are within a geometrical design upon a white background. The cover, which is well fitting, is also pink and follows the same line of decoration. Upon either side of the cover there is a raised design, apparently depicting the face of some animal, each having a hole extending through the design to which a wire is attached. These wires hold a flimsy chain having a wire ring at the center so that one may grasp the ring and raise the jar by means of the chain attachment. The wires and chain are of light construction but sufficiently strong to suspend the jar. The top of the earthenware cover contains a paper label which may be easily removed, and the cover is attached to the jar by means of a strip of gummed paper containing advertising matter and Chinese characters. The cover may be removed by cutting the paper strip. Inside the jar there are several pieces of dried ginger, each piece wrapped in paper. The removal of the dried ginger and the paper labels would leave the jar intact.

The court was of the opinion that the container in question is not designed merely for the transportation of the dried ginger, but that it is an ornament quite attractive in appearance and such as would be desirable and suitable for ornamental or other utilitarian purposes after the removal of its contents. *United States* v. *Demarest* (19 C. C. P. A. 186, T. D. 45293) cited. There was nothing

found in the record sufficient to overcome the presumption of correctness attaching to the collector's classification and the sample itself was held to be a potent witness in sustaining the collector's classification.